

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-30-2002

# USA v. Barbati

Precedential or Non-Precedential:

Docket 1-2076

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"USA v. Barbati" (2002). *2002 Decisions*. Paper 72.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/72

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 01-2076
_____


UNITED STATES OF AMERICA

vs.

GINO BARBATI,

                    Appellant


_____


ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

(D.C. Criminal No. 00-cr-00500-1)
District Judge:  The Honorable Clarence C. Newcomer

_____


Submitted Under Third Circuit LAR 34.1(a)
January 22, 2002

BEFORE: NYGAARD and STAPLETON,  Circuit Judges,
and CAPUTO, District Judge.


(Filed:  January 30, 2002)

_____

MEMORANDUM OPINION OF THE COURT
_____


NYGAARD, Circuit Judge.

        Appellant, Gino Barbati, was convicted of violating 18 U.S.C.  2313 (sale
or receipt of stolen vehicle   Count One) and 18 U.S.C.   2 (aiding and
abetting   Count
Two).  He was sentenced to a term of 21 months of imprisonment.  Barbati
appeals

raising the two issues listed below, taken verbatim from appellant's brief.  Because we
conclude that the District Court did not err, we will affirm.

I.

1.	Did the trial court err in not instructing the jury as to how they should
consider certain testimony?

2.	Did the sentencing court err in enhancing appellant's sentence by two
points under the specific offense characteristic section of U.S.S.G. 1B.1.3.

II.

The evidence of record establishes that appellant either purchased or
received a total of three stolen motor vehicles from individuals who were participating in
a multi-state car theft ring.  Barbati purchased two vehicles and set up the purchase of a
third, for prices which were substantially below fair market value.

With respect to the first issue raised by the appellant, we conclude that the
District Court did not abuse its discretion when it declined to instruct the jury that it could
not impute knowledge to Barbati that one of the automobiles was stolen from the fact that
Barbati's girlfriend lied on the vehicle registration form.  We conclude that the District
Court had a rational basis for declining to give the instruction.  Moreover, the court's
instructions taken as a whole, fairly and accurately presented the issues of this case to the
jury.

With respect to the second issue, we likewise conclude that the District
Court did not err when it adjusted the appellant's offense level upward by two levels for
the specific offense characteristic of more than minimal planning.  The appellant received
three stolen cars and engaged in repeated acts over a period of time.  This would support a
finding of more than minimal planning.  We conclude that the District Court did not
commit clear error by so finding.

III.

In sum, for the foregoing reasons, we will affirm the judgment of the
District Court entered April 27, 2001.

_____

TO THE CLERK:

Please file the foregoing opinion.

                    /s/    Richard L. Nygaard
                Circuit Judge